John F. Casey, Esq.
Christopher W. Gerold, Esq.
Wolff & Samson PC
One Boland Drive
West Orange, NJ 07052
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JEAN KORTE,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff Jean Korte, owner of real property located at 106 Jeanne Drive, Manahawkin, New Jersey, by way of complaint against the Defendant American Bankers Insurance Company with its principal place of business located at 11222 Quail Roost Drive, Miami, Florida ("Defendant"), says:

**PARTIES**

1. Plaintiff is an individual and an owner of real property located at 106 Jeanne Drive, Manahawkin, New Jersey ("Insured Property") and has been at all times material to the allegations set forth in the Complaint.

2. The Defendant is a private insurance company and participates in FEMA's "Write Your Own" (WYO) program. Defendant issued a Standard Flood Insurance Policy (hereinafter referred to as "SFIP") in its own name, as a fiscal agent of the United States, to the

Plaintiff. Pursuant to 44 C.F.R. § 62.23(d) and (i)(6), Defendant is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the policy.

## JURISDICTION AND VENUE

3. This action arises under the *National Flood Insurance Act*, as amended, 82 Stat. 583, 42 U.S.C. § 4001, *et seq.*, pursuant to the insurance contract issued to Plaintiff, as hereinafter more fully appears. This action, having arisen under an applicable federal statute, namely, 42 U.S.C. § 4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. § 1331.

4. The Insured Property is located in the District of New Jersey and venue is proper in this Court pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

## FACTUAL ALLEGATIONS

5. On or about October 28, 2012, the storm surge and tidal water of Meteorological Event Sandy directly caused the inundation of the Insured Property and the surrounding area causing flood waters to enter the building on the Insured Property. As a direct and proximate result of the flooding, the Plaintiff suffered a direct physical loss to the building on the Insured Property and incurred expenses for debris removal and safe storage of property.

6. Prior to Meteorological Event Sandy, Defendant had issued an SFIP to Plaintiff for a one (1) year period, whereby Defendant agreed to pay Plaintiff for any direct physical loss to the Insured Property caused by or from a "flood" as defined by the policy. This policy was in full force and effect at the time of Meteorological Event Sandy.

7. In lieu of attaching the policy hereto, Plaintiff incorporates by reference, as a part hereof, the terms and provisions of the SFIP, as set forth in 44 C.F.R. § 61, Appendix A(1), which is the policy issued by Defendant to Plaintiff during the above-referenced time period.

8. The SFIP issued to Plaintiff covered flood damage to the Plaintiff's dwelling and other structures as described under Coverage A; flood damage to the Plaintiff's contents and personal property under Coverage B; debris removal and loss avoidance measures as described under Coverage C; and costs incurred to comply with state or local floodplain management laws or ordinances as described under Coverage D (also known as Increased Cost of Compliance or I.C.C.).

9. Plaintiff timely notified Defendant of her loss and the claim was inspected and adjusted by or on behalf of Defendant. The claim was denied, in whole or in part.

10. Plaintiff disagrees with the denial or partial denial of the claim and alleges that any payment made to Plaintiff does not fully compensate Plaintiff for the direct physical losses sustained as a result of the flood.

11. The above described SFIP was in full force and effect at the time of the Plaintiff's loss and Plaintiff has performed all conditions precedent, including the submission of a signed and sworn Proof of Loss with supporting documentation that Plaintiff hereby incorporates by reference herein, entitling Plaintiff to the coverages, payments, and benefits afforded by said policy.

**COUNT I**

**BREACH OF CONTRACT**

12. Defendant has failed or refused to pay the full amount due under the policy and has otherwise failed or refused to comply with the terms and provisions of the policy. As a result thereof, Defendant has breached the contract of insurance herein described.

13. As a direct and proximate consequence of Defendant's breach of said contract, Plaintiff has not been fully paid or compensated for damage to Plaintiff's building and contents. Further, Plaintiff has and will incur attorney fees, costs and expenses to prosecute this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for an amount up to and including the coverage limits under Coverage A and Coverage B; any and all other amounts payable under said policy; the costs of filing this action; and, any and all other appropriate relief to which Plaintiff may be entitled. Further, Plaintiff demands judgment against Defendant for all attorney fees, costs and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

WOLFF & SAMSON PC
Attorneys for Plaintiff

By: */s/ John F. Casey*
JOHN F. CASEY

Dated: March 25, 2015

**LOCAL RULE 11.2 CERTIFICATION**

The matter in controversy is not the subject of any other action pending in any other court or any pending arbitration or administrative proceeding.

WOLFF & SAMSON PC
Attorneys for Plaintiff

By: */s/ John F. Casey*
JOHN F. CASEY

Dated: March 25, 2015